O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **Noel Tello Borrego**, | § | |
| | § | |
| *Petitioner*, | § | |
| v. | § | CIVIL ACTION NO. 5:06-cv-82 |
| | § | CRIMINAL NO. 5:05-cr-1589 |
| **United States**, | § | |
| | § | |
| | § | |
| *Respondent*. | § | |

## **OPINION & ORDER**

Pending before the Court is Petitioner Noel Tello Borrego's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Dkt. No. 1]. Upon due consideration of the pleadings, the record, and the governing law, the Court DISMISSES Petitioner's Motion.

### I.    PROCEDURAL BACKGROUND AND RELEVANT FACTS

On August 18, 2005, Petitioner pled guilty to one count of illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(b)(2). [Cr. Dkt. No. 21]. He was subsequently sentenced to 48 months imprisonment. [Cr. Dkt. No. 21 at 2]. On May 31, 2006, Petitioner filed the § 2255 Motion now before the Court, claiming that the sentencing court's criminal history enhancement of his sentence enhancement amounts to a second punishment for his prior convictions, in violation of the Double Jeopardy Clause. [Dkt. No. 1 at 3]. Second, Petitioner claims he suffered ineffective assistance of counsel by way of counsel's failure to adequately explain to Petitioner the consequences of pleading guilty, including the length of imprisonment to which Petitioner could potentially be subjected. [Dkt. No. 1 at 4].

**II.     DISCUSSION**

Dismissal of a § 2255 motion is warranted when "after prompt review of the files, records, transcripts, and correspondence relating to the judgment under attack, it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." 28 U.S.C. § 2255 Proc. R. 4(b).

It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal . . . [but rather] . . . have been relegated to later petitions under 28 U.S.C. § 2255." *United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979). The standard governing ineffective assistance claims was established by the Supreme Court in *Strickland*; specifically, a party claiming ineffective assistance must show (1) that trial counsel's performance fell below an objective standard of reasonableness, and (2) that the defendant suffered prejudice as a result. *Id.* at 687. The Supreme Court has noted that a reviewing court need not consider either prong of the test in any particular order. *Id.* at 697. To the extent that doing so facilitates efficient disposal of Petitioner's claims, the Court will address whether Petitioner, based on the record and allegations as they currently stand, is able to demonstrate prejudice.

**A.  Double Jeopardy**

Petitioner's double jeopardy argument is categorically foreclosed by Supreme Court precedent rejecting such double jeopardy challenges to sentence enhancements based on prior convictions. *See Ewing v. California*, 538 U.S. 11, 25 (U.S. 2003) ("The constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge." (quoting *Oyler v. Boles*, 368 U.S. 448, 451 (1962))).

**B. Trial Counsel's Failure to Provide Adequate Plea Assistance**

Petitioner next argues that he suffered ineffective assistance because trial counsel failed to adequately appraise him of the consequences of his guilty plea. [Dkt. No. 1 at 4].

As the audio record of the plea colloquy makes clear, the Magistrate Judge who accepted Petitioner's plea expressly informed him that, regardless of his plea, he would continue to be exposed to the maximum possible sentence of twenty years imprisonment. Thus, Petitioner cannot possibly show he was prejudiced by trial counsel's alleged failure.

**III.   CONCLUSION**

Neither of Petitioner's arguments have merit. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**. Further, should Petitioner seek a certificate of appealability, such is hereby **DENIED**.

IT IS SO ORDERED.

DONE this 19th day of January, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**